**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10349 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00250-CW |
| v. | |
| GERARDO AVINA-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Gerardo Avina-Martinez appeals from the 37-month sentence imposed

following his guilty-plea conviction for being a deported alien found in United

States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C.

§ 1291. We affirm, but remand to correct the judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Avina-Martinez contends the district court procedurally erred by failing to

discuss and apply the 18 U.S.C. § 3553(a) sentencing factors and by treating the

advisory Guidelines as the presumptive sentencing range.  The record indicates that

the district court considered Avina-Martinez's arguments, properly applied the

sentencing factors, and did not give undue weight to the advisory Guidelines

sentencing range.  *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United

States v. Carty*, 520 F.3d 984, 991-92, 995 (9th Cir. 2008) (en banc).

Avina-Martinez further argues that his sentence is substantively

unreasonable because it fails to reflect that he reentered and stayed due to a family

tragedy that left him with diminished capacity; his criminal history is overstated;

and the 12-level sentencing enhancement was triggered by an anomalous and old

narcotics conviction.  The record reflects that under the totality of the

circumstances, including the section 3553(a) factors, Avina-Martinez's bottom-of-

the Guidelines sentence is reasonable.  *See Carty*, 520 F.3d at 993; *cf. United

States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062

(9th Cir. 2000), we remand the case to the district court with instructions that it

delete from the judgment the incorrect reference to section 1326(b).  *See United*

09-10349

*States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte

to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**